# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| GABRIELA MARTINEZ DE LA CRUZ | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:18CV123-LG-RHW |
| FORREST WELLS et al | DEFENDANTS |

## ORDER GRANTING MOTION FOR MENTAL EXAMINATION

Before the Court is Defendants' motion to permit their expert, Gina M. Manguno-Mire, Ph.D, to conduct a psychological examination of Plaintiff Gabriela Martinez De la Cruz. Doc. [56]. Pursuant to the case management order, the parties agreed to allow a Rule 35 medical examination without further order of the Court. However, the case management order specified that "[t]he examination must be completed in time to comply with expert designation discovery deadlines." Doc. [16] at 3. Plaintiff argues, and Defendants concede, that the request for a Rule 35 examination is untimely under the terms of the case management order. Nevertheless, Defendants argue that good cause exists to allow the out-of-time medical examination.

Plaintiff designated her experts on March 15, 2019. Doc. [56-2]. Among her designations was Jake Epker, Ph.D, a licensed clinical psychologist who evaluated and tested Plaintiff in 2017. *Id.* at 12-13. Defendants previously deposed Dr. Epker on February 25, 2019. Doc. [58-3]. Plaintiff also identified and designated Susan R. Andrews, Ph.D as a treating clinical neuropsychologist. Doc. [56-2] at 11-12. Prior to Plaintiff's March 15, 2019 expert designations, Defendants apparently were unaware Dr. Andrews had been treating Plaintiff. Doc. [56] at 3. Defendants received copies of Dr. Andrews' records on or about April 5, 2019. *Id.* Defendants then designated as their expert Dr. Mire on June 7, 2019. In her report, Dr. Mire

concluded that further evaluation of Plaintiff is needed in part "[d]ue to the disparate evaluations and recommendations offered by the two treating psychological experts designated in the case (Dr. Epker and Dr. Andrews) in regard to the plaintiff's symptoms, employability, prognosis, and need for future treatment."  Doc. [56-5] at 10.  On June 27, 2019, defense counsel made an informal request for Dr. Mire to conduct a Rule 35 examination.  Doc. [56-6].  By response dated July 11, 2019, Plaintiff's counsel rejected the request.  Doc. [56-7].  Defendants then filed the instant motion on July 16, 2019.

The Court finds good cause to allow the out-of-time Rule 35 examination.  Defendants were unaware of Dr. Andrews' treatment of Plaintiff until March 15, 2019.  In fact, Dr. Andrews' treatment of Plaintiff began January 28, 2019, and included follow-up visits on February 11, 2019 and February 25, 2019.  Doc. [56-5] at 6.  Dr. Andrews began treating Plaintiff prior to Dr. Epker's February 25, 2019, deposition; yet Plaintiff's counsel apparently did not notify Defendants of this new treating psychologist.  The Federal Rules require parties to supplement discovery responses "in a timely manner".  Fed. R. Civ. P. 26(e)(1)(A).  In the foregoing circumstances, Plaintiff's counsel should have alerted Defendants to Dr. Andrews' treatment prior to Dr. Epker's deposition.  Given the perceived discrepancies between the conclusions of Dr. Epker and Dr. Andrews, Defendants' expert advised in her report of June 7, 2019, that she needed further evaluation of the Plaintiff.  Defendants then diligently set about scheduling the Rule 35 examination, which ultimately resulted in their filing the instant motion.  Based on the foregoing, the Court finds the motion should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [56] Motion for Mental Examination is GRANTED.

IT IS FURTHER ORDERED that the parties arrange the Rule 35 examination as soon as practicable and notify the Court when it is set.

IT IS FURTHER ORDERED that the discovery and dispositive motions deadlines are stayed. The Court will conduct a telephone conference to address any revisions to the scheduling order deadlines.

SO ORDERED AND ADJUDGED, this the 5th day of August 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE