# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GABRIELA MARTINEZ DE LA CRUZ**                          **PLAINTIFF**

**v.**                                                                **CAUSE NO. 1:18cv123-LG-RHW**

**FORREST WELLS, M.D., and**
**GULF COAST PLASTIC AND**
**RECONSTRUCTIVE SURGERY, PLLC**                         **DEFENDANTS**

## ORDER DENYING MOTION TO
## EXCLUDE SURVEILLANCE VIDEO

**BEFORE THE COURT** is the plaintiff's [99] Motion to Exclude Surveillance Video. The parties have fully briefed the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Exclude should be denied.

## BACKGROUND

The plaintiff filed this lawsuit against Dr. Forrest Wells and his clinic, Gulf Coast Plastic and Reconstructive Surgery, PLLC, alleging medical malpractice. Specifically, the plaintiff claims that Dr. Wells negligently damaged the median nerve in her right wrist during carpal tunnel release surgery. She also alleges that Dr. Wells was negligent in failing to timely discover and treat the nerve injury.

On January 6, 2020, one day prior to the discovery deadline, the defendants produced unsigned interrogatory responses that identified investigators who had conducted surveillance on the plaintiff during the period of December 12 through

30, 2019.[1]  The defendants also produced the surveillance video as part of their supplemental responses to requests for production of documents, as well as supplemental prediscovery disclosures that identified the surveillance video and investigators.  The defendants produced executed interrogatory responses on January 15, 2020.  The plaintiff asks the Court to prohibit the defendants from introducing the surveillance at trial, because she claims she was prejudiced by the inability to conduct discovery concerning the surveillance.  She also claims that a continuance of the trial would be necessary to permit her to conduct discovery.

## DISCUSSION

The Federal Rules of Civil Procedure provide:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1).  Counsel for the defendants have represented to the Court that the surveillance video was produced to the plaintiff just a few days after counsel received it.  Therefore, the defendants supplemented their discovery responses in a timely manner in accordance with Rule 26.

The plaintiff has not identified any deadline or rule that would have made the defendants' disclosure of the surveillance video untimely.  There is no rule that

---

[1] Surveillance video was also conducted on the plaintiff in her workers' compensation case.  That video is not the subject of the present Motion.

prohibits a party from producing discovery one day prior to the discovery deadline. Furthermore, the production of unsigned interrogatory responses was harmless, as the responses were quickly supplemented with executed responses and all the information contained in the interrogatory responses was also produced in other pleadings that were timely.

The plaintiff has never asked the Court or the defendants for permission to conduct out of time discovery concerning the surveillance. A continuance would not have been necessary to permit the plaintiff to conduct discovery, since the surveillance was produced over six months prior to the scheduled pretrial conference. In fact, there is still plenty of time for the plaintiff to conduct any discovery she needs on this issue, as the defendants have stated they would not object to discovery requests concerning the surveillance and the pretrial conference in this matter is over two months away.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Exclude the Surveillance Video is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the plaintiff's [99] Motion to Exclude Surveillance Video is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE