IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GABRIELA MARTINEZ DE LA CRUZ | PLAINTIFF |
| v. | CAUSE NO. 1:18cv123-LG-RHW |
| FORREST WELLS, M.D., and<br>GULF COAST PLASTIC AND<br>RECONSTRUCTIVE SURGERY, PLLC | DEFENDANTS |

## ORDER DENYING MOTION TO STRIKE
## DR. GINA MANGUNO-MIRE'S REPORT

**BEFORE THE COURT** is the plaintiff's [97] Motion to Strike Dr. Gina Manguno-Mire's Report. The parties have fully briefed the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Strike should be denied.

## BACKGROUND

The plaintiff filed this lawsuit against Dr. Forrest Wells and his clinic, Gulf Coast Plastic and Reconstructive Surgery, PLLC, alleging medical malpractice. Specifically, the plaintiff claims that Dr. Wells negligently damaged the median nerve in her right wrist during carpal tunnel release surgery. She also alleges that Dr. Wells was negligent in failing to timely discover and treat the nerve injury.

On June 7, 2019, the defendants designated Dr. Gina Manguno-Mire as an expert psychologist. Two weeks prior to the discovery deadline, the defendants filed a [56] Motion asking the Court to give Dr. Manguno-Mire permission to conduct an out-of-time psychological examination of the plaintiff pursuant to Fed. R. Civ. P. 35 due to additional information learned during discovery. Magistrate Judge Robert

H. Walker granted the Motion and ordered the parties to arrange the Rule 35 examination "as soon as practicable." (Order, at 3, ECF No. 63.) The plaintiff appeared for the examination on September 6, 2019, but Dr. Manguno-Mire notified counsel for the defendants that the written portion of the examination given was of little value and that it was necessary for the plaintiff to return for an audio examination. Judge Walker granted the defendants' request for continued examination of the plaintiff on September 20, 2019. Judge Walker ordered Dr. Manguno-Mire to "prepare a summary of her findings after the exam which shall serve as a supplement to her report dated June 7, 2019, which will be submitted within a reasonable time thereafter." (Order, at 3, ECF No. 65.) Judge Walker also continued the trial to the Court's July 2020 trial calendar and extended the discovery deadline to January 7, 2020. The defendants submitted Dr. Manguno-Mire's supplemental report on January 17, 2020. The plaintiff now asks the Court to strike the supplemental report as untimely.

## DISCUSSION

The Federal Rules of Civil Procedure provide that expert reports must be supplemented "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," which is at least thirty days prior to trial. *See* Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(3)(B). However, Judge Walker ordered Dr. Manguno-Mire to supplement her report within a reasonable time after the September 20, 2019 exam. Dr. Manguno-Mire provided her supplemental report almost four months later, on

January 17, 2020. The Court will assume for purposes of this Motion that Dr. Manguno-Mire's supplemental report was untimely.

"When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), 'the party is not allowed to use that information ... to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless.'" Fed. R. Civ. P. 37(c)(1). Courts consider four factors when determining whether such a sanction is warranted: (1) the explanation for the delay; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *See in re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016).

The defendants assert that Dr. Manguno-Mire's supplemental report was delayed by her busy schedule as well as the receipt of additional medical records and deposition transcripts for her to review. The defendants contend that Dr. Manguno-Mire's testimony is important to the damages issue in this case. Judge Walker granted Dr. Manguno-Mire permission to perform the independent examination out of time because the plaintiff did not identify her treating neuropsychologist until the expert designation deadline and this expert's opinions conflicted with the opinions of the plaintiff's treating psychologist as to her ability to return to work. The plaintiff has not identified any prejudice, as she will be permitted to depose Dr. Manguno-Mire and the supplemental report was disclosed over four months before trial. Finally, there is no need for a continuance. After

reviewing these factors, the Court finds that Dr. Manguno-Mire should be permitted to testify at trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the plaintiff's [97] Motion to Strike Dr. Gina Manguno-Mire's Report is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE